UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nasrin Afjeh,                                                              Case No. 3:25-cv-782

        Plaintiff,

   v.                                                                           MEMORANDUM OPINION
                                                                               AND ORDER

The Village of Ottawa Hills, *et al.*,

        Defendants.

## I.    INTRODUCTION

Defendants the Village of Ottawa Hills, Kevin Gilmore, John Wenzlick, John Lewis, Marc Thompson, Dana Dunbar, April McDonald, Dan Wimmers, Wendy Greely, Edward Shimborske III, Heather Phillips, and Kati Tharp move to dismiss Plaintiff Nasrin Afjeh's 78-page first amended complaint pursuant to Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 11).  Afjeh opposed Defendants' motion, (Doc. No. 14), and Defendants filed a brief in reply. (Doc. No. 15).  For the reasons stated below, I grant Defendants' motion.

## II.    DISCUSSION

Rule 8 provides that "[a] pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Fed. R. Civ. P. 8(a). That rule also requires that "[e]ach allegation [in a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The first amended complaint does not satisfy the requirements of Rule 8, as it is "so verbose, confused[,] and redundant that its true substance, if any, is well disguised." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (citations and internal quotation marks omitted).

Afjeh begins by decrying "fascism," "anti-intellectualism," and "corrupt government practices." (Doc. No. 8 at 3-4). She then spends nearly ten full pages criticizing the doctrine of qualified immunity and arguing that the Federal and Ohio Rules of Criminal Procedure unconstitutionally alter the grand jury system. (*Id.* at 4-15). Afjeh appears to believe grand juries should be able to operate independently, including by investigating public officials in order to satisfy the grand jurors that those officials are not violating the law. (*Id.* at 74-75). Later, Afjeh:

> (a) complains about a restriction preventing home ownership by Black and Asian individuals allegedly contained in the deed for the residence she purchased in 1986, (*id.* at 22);
> 
> (b) asserts the Village of Ottawa Hills impermissibly diverts funds to the Ottawa Hills School District that should be used for non-school-related endeavors, (*id.* at 22-23);
> 
> (c) claims she has been retaliated against for her opposition to a 1998 school levy when she was criminally charged for planting a tree in the public right of way, (*id.* at 25-26);
> 
> (d) alleges Village of Ottawa Hills employees "claim[ed] to recognize Ramadan by not eating in the [Village of Ottawa Hills] during the holiday and then violat[ed] the fasting rules by drinking juice and water in front of [her]," (*id.* at 29);
> 
> (e) states she was threatened during an April 16, 2019 Zoning Commission meeting by the then-mayor, (*id.* at 31);
> 
> (f) criticizes the Village Council for allowing "an assistant tennis coach[ to make] . . .somewhat lengthy comments regarding tennis courts being resurfaced" during a May 1, 2023 Council meeting, (*id.* at 37); and
> 
> (g) asserts the Village of Ottawa Hills "arbitrarily retaliated [against her] and terminated [her] garbage service many, many years ago, (*id.* at 48).

2

Afjeh's allegations are not grouped chronologically or by topic. She repeatedly alleges facts about government meetings where other individuals spoke, with no attempt to connect those individuals or the topics of conversation to any of her claims. And Afjeh includes numerous allegations that formed the basis for a lawsuit she filed against many of these same Defendants in 2021. *See Afjeh v. Vill. of Ottawa Hills*, Case No. 3:21-cv-778 (N.D. Ohio). My colleague, United States District Judge James R. Knepp II, dismissed part of Afjeh's complaint pursuant to Rule 12(c) and granted summary judgment in the defendants' favor on the remainder of her claims – decisions which subsequently were affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. *Afjeh v. Vill. of Ottawa Hills*, No. 24-3026, 2025 WL 3906233 (6th Cir. Aug. 15, 2025). Among other things, the Sixth Circuit affirmed Judge Knepp's dismissal on res judicata grounds of any claim arising out of the following incidents:

> a court order to abate nuisances on [Afjeh's] property ..., many alleged incidents of harassment by Village police and administrators ..., [Afjeh's] civil claim against ... McHugh for assault and battery ..., a previous failure to obtain a zoning permit for an addition to [Afjeh's] home ..., various abuse of process claims ..., the Village's desire for [Afjeh] to take down her longstanding political yard sign ...[,] various due process claims related to some of these incidents ...[,] additional litigation and court judgments regarding [Afjeh's] political yard sign ..., the death of a dog ..., denial of [Afjeh's] requests for government records ..., the planting of trees in the public right of way ..., installation of a streetlight near [Afjeh's] house ..., the scheduling of a local government meeting in a church ..., and assessment of neighborhood property values.

*Afjeh*, 2025 WL 3906233, at *2.

Afjeh's inclusion yet again of those incidents in the First Amended Complaint obfuscates whatever claims she seeks to pursue in this litigation. While she argues she must include these allegations facts in her complaint to establish "a history of discrimination," (Doc. No. 14 at 3), she fails to explain how allegations which other courts previously concluded were insufficient to provide a basis for relief might somehow constitute a basis for relief in this litigation.

3

The Sixth Circuit has instructed district courts that a proper remedy for Rule 8 violations in the first instance is dismissal of the complaint without prejudice and with leave to amend. *Kensu*, 5 F.4th at 653 (citing cases). Therefore, I grant Defendants' motion to dismiss and order Afjeh to file, within 14 days of the date of this Memorandum Opinion and Order, a second amended complaint that complies with Rule 8's "short and plain statement" requirement by plainly stating which defendants took what actions that allegedly violated her rights. Failure to comply with this deadline may result in sanctions, up to and including dismissal of this case with prejudice. *See id.*

### III.  CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss, (Doc. No. 11), and dismiss Afjeh's first amended complaint without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
